JS-6

FILED
CLERK, U.S. DISTRICT COURT
04/14/2021
CENTRAL DISTRICT OF CALIFORNIA
BY: ___CW___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| GILBERT SALINAS,<br><br>Plaintiff,<br><br>v.<br><br>LAGUNA BEACH GOLF AND BUNGALOW VILLAGE, LLC AND DOES 1-10,<br><br>Defendant. | Case No.: SACV 21-00419-CJC (JDEx)<br><br>ORDER DECLINING SUPPLEMENTAL JURISDICTION AND *SUA SPONTE* REMANDING CASE TO ORANGE COUNTY SUPERIOR COURT |

On January 27, 2021, Plaintiff Gilbert Salinas filed the instant lawsuit in Orange County Superior Court against Defendant Long Beach Golf and Bungalow Village, LLC, alleging violations of the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act ("Unruh Act"). (Dkt. 1 Ex. 1 [Complaint].) Defendant subsequently removed the case to this Court based on the federal question posed by Plaintiff's ADA claim. (Dkt. 1 [Notice of Removal].)

-1-

On April 3, 2021, Plaintiff amended his Complaint and dropped the ADA claim, the sole federal claim, leaving only state law claims for violations of the Unruh Act and California's Unfair Competition Law. (Dkts. 11–12.) As a result, the Court ordered Defendant to show cause as to why the Court should not decline supplemental jurisdiction over the remaining state law claims and remand the case. (Dkt. 16.) Defendant failed to submit its response by the April 12, 2021 deadline. (*See id.*) Plaintiff filed his own response requesting the Court exercise supplemental jurisdiction over his state law claims. (Dkt. 15 [hereinafter "P. Resp."].) It appears, however, that neither Plaintiff nor his counsel read the Court's order to show cause and, instead, filed a boilerplate response to a non-existent "request for information regarding if Plaintiff is a 'High Frequency Litigant.'" (*Id.* at 6.) The Court made no such request in this case.

Here, the Court ordered the parties to show cause why it should not remand the case pursuant to 28 U.S.C. § 1367(c)(3), which permits a district court to decline "supplemental jurisdiction over a claim . . . [if] the district court has dismissed all claims over which it has original jurisdiction." Plaintiff does not address 28 U.S.C. § 1367(c)(3), but instead argues that exceptional circumstances, under 28 U.S.C. § 1367(c)(4), do not exist. (P. Resp. at 10.) This argument is irrelevant.

Because Plaintiff filed an amended complaint which eliminated his sole federal claim, the cause of action on which the Court's original jurisdiction rested is now gone. *See Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1209 (C.D. Cal. 2013). "Under § 1367(c)(3), therefore, the [C]ourt can properly exercise its discretion to remand the supplemental state law claims." *Id.* at 1209–10. In exercising this discretion, courts are instructed to consider the factors of "judicial economy, convenience and fairness to litigants." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). These factors weigh strongly in favor of remand where all federal claims are dismissed before trial. *See Horne*, 969 F. Supp. 2d at 1207–08, 1210; *see also Millar v. Bay Area Rapid*

*Transit Dist.*, 236 F. Supp. 2d 1110, 1119 (N.D. Cal. 2002) (noting that "[t]he factor of comity also weighs strongly in favor of remand" when "plaintiff now proceeds exclusively on his state claims"); *Bay Area Surgical Mgmt. v. United Healthcare Ins. Co.*, 2012 WL 3235999, *5 (N.D. Cal. Aug. 6, 2012) (court declined to exercise supplemental jurisdiction and remanded the case "in the interests of judicial economy, convenience, fairness, and comity," when "the federal claims were eliminated at the pleading phase"). Accordingly, the Court **DECLINES** to exercise supplemental jurisdiction and *sua sponte* **REMANDS** the case to Orange County Superior Court.[1]

DATED: April 14, 2021

HON. CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15.