UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

GILBERT SALINAS,

    Plaintiff,

v.

LAGUNA BEACH GOLF & BUNGALOW VILLAGE, LLC and DOES 1–10,

    Defendants.

Case No.: SACV 21-00419-CJC(JDEx)

ORDER DENYING DEFENDANT'S MOTION FOR RELIEF PURSUANT TO RULE 60(b) [19]

On January 27, 2021, Plaintiff Gilbert Salinas filed the instant lawsuit in Orange County Superior Court against Defendant Long Beach Golf and Bungalow Village, LLC, alleging violations of the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act ("Unruh Act"). (Dkt. 1 Ex. 1 [Complaint].) Defendant

-1-

subsequently removed the case to this Court based on the federal question posed by Plaintiff's ADA claim.  (Dkt. 1 [Notice of Removal].)

On April 3, 2021, Plaintiff amended his Complaint and dropped the ADA claim, the sole federal claim, leaving the state law claim for violation of the Unruh Act and adding a claim for violation of California's Unfair Competition Law.  (Dkts. 11–12.)  The Court then ordered Defendant to show cause as to why the Court should not decline supplemental jurisdiction over the remaining state law claims and remand the case.  (Dkt. 16.)  Defendant failed to submit its response by the April 12, 2021 deadline.  (*See id.*)  As a result, the Court exercised its discretion to decline supplemental jurisdiction over the remaining state law claims and remanded the case.  (Dkt. 17.)  Now before the Court is Defendant's motion for relief pursuant to Rule 60(b).

Federal Rule of Civil Procedure 60(b) allows relief from a final order based on "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b)(1). Defendant seeks relief based on the "inadvertence and mistake of Defendant's counsel" in failing to timely submit its response to the Court's order to show cause.  (Dkt. 19 [Motion].)  "[T]he determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith."  *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

While the reason for the delay is weak, the remaining factors are either neutral or weigh in favor of relief.  Defendant submitted its Rule 60(b) motion two days after the Court's remand order, there is little danger of prejudice to Plaintiff, and there is no evidence that Defendant acted in bad faith.  However, even considering Defendant's

response to the Court's order to show cause, (Dkt. 19-1), the outcome would remain the same.

28 U.S.C. § 1367(c)(3) permits a district court to decline "supplemental jurisdiction over a claim . . . [if] the district court has dismissed all claims over which it has original jurisdiction." The Court "properly exercise[d] its discretion to remand the supplemental state law claims" in this action. *See Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1209–10 (C.D. Cal. 2013). In exercising this discretion, the Court considered the factors of "judicial economy, convenience and fairness to litigants." *Id.* at 1207. These factors weigh strongly in favor of remand where all federal claims are dismissed before trial. *Id.* at 1208 ("[A]s a general rule, courts should not exercise supplemental jurisdiction over state law claims if all federal claims have been dismissed before trial.").

Because Plaintiff amended his complaint eliminating the federal claim, the cause of action on which the Court's jurisdiction rested is now gone. The Court can properly exercise its discretion to remand the supplemental state law claims pursuant to § 1367(c)(3). Furthermore, "[b]ecause only state law claims remain . . . they predominate over any federal issues; as a result, principles of comity also suggest that remand is appropriate." *Horne*, 969 F. Supp. 2d at 1210 (citing *Millar v. Bay Area Rapid Transit Dist.*, 236 F. Supp. 2d 1110, 1119 (N.D. Cal. 2002)); *see also Bay Area Surgical Mgmt., LLC v. United Healthcare Ins. Co.*, 2012 WL 3235999, *5 (N.D. Cal. Aug. 6, 2012) ("Here, the federal claims were eliminated at the pleading phase, and in the interests of judicial economy, convenience, fairness, and comity, the Court declines to exercise supplemental jurisdiction and remands the remaining claims to state court." (internal

citations omitted)).  Accordingly, Defendant's motion for relief pursuant to Rule 60(b) is **DENIED**.[1]

        DATED:    May 3, 2021

                                                CORMAC J. CARNEY
                                        UNITED STATES DISTRICT JUDGE

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set for May 17, 2021, at 1:30 p.m. is hereby vacated and off calendar.